IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12cv04

| | |
|---|---|
| CHRISTOPHER MARLIN HAYNES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 12], as well as Plaintiff's Motion to Remand, Motion to Receive New and Material Evidence, Motion to Stay [# 8]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 12], **DENY** the Plaintiff's Motion for Summary Judgment [# 10] and Motion to Remand [# 8], and **AFFIRM** the Commissioner's decision.

## I. Procedural History

Plaintiff filed an application for disability benefits and an application for supplemental security income on June 29, 2009. (Transcript of Administrative Record ("T.") 167-78.) Plaintiff alleged an onset date of April 17, 2009. (T. 167, 174.) The Social Security Administration denied Plaintiff's claim. (T. 130-34.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 137-56.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 89-125.) The ALJ then issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 64-73.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In her September 23, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 73.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through March 31, 2011.

(2) The claimant has not engaged in substantial gainful activity since April 17, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: bipolar

disorder and manic depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: can perform unskilled work.

(6) The claimant is able to perform his past relevant work as a janitor (20 CFR 404.1565 and 416.965).

(7) The claimant was born on November 19, 1972 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the nation economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from April 17, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 66-73.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

## V. Analysis[1]

### A. The Motion to Receive New Evidence

Plaintiff moves the Court to receive new evidence. As a threshold matter, it would be improper for this Court to consider new evidence that was not submitted during the administrative process. See Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996). In certain circumstances, however, the Court may remand a case pursuant to sentence six of the Social Security Act, 42 U.S.C. § 405(g), for the Commissioner to take additional evidence. This Court may order that additional evidence be taken before the Commissioner upon a showing that there is: (1) new evidence, (2) material evidence and (3) that good cause exist for the failure to incorporate such evidence into the record in the prior proceedings. 42 U.S.C. § 405(g); Smith, 99 F.3d at 638 n.5; Wilkins v. Sec'y, Dep't Health & Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991). The burden of showing that the evidence satisfies these three requirements rest with the Plaintiff. Cox v. Astrue, No. 5:11-CV-527-D, 2013 WL 363755, at *2 (E.D.N.C. Jan. 30, 2013); Meadows v. Astrue, Civil Action No. 5:08-cv-01129, 2010 WL 1380117, at * 3 (S.D. W. Va. Mar. 31, 2010).

As the United States District Court for the Southern District of West

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Virginia recently explained:

> "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 (4th Cir.1991) (citations omitted). "Evidence is material if there is a reasonable probability that the new evidence would have changed the outcome." Id. (citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir.1985)). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

Meadows, 2013 WL 363755, at *3; Jackson v. Astrue, Civil No. 3:09-CV-193-RJC-DCK, 2010 WL 4258748, at *5 (Sept. 29, 2010) (Keesler, Mag. J.)

Previously, this Court struck from the record motions to receive new evidence filed by counsel in other social security cases. Hardy v. Astrue, No. 1:11cv299, 2013 WL 66082, at *4 (W.D. N.C. Jan. 4, 2013) (Howell, Mag. J.). As the Court noted in Hardy, the legal memorandum filed by counsel failed to comply with the Court's prior Orders and include "the legal standard governing whether this Court can receive and consider new evidence or offer any legal argument as to how the proposed new evidence satisfie[s] such a standard." Id. The Court went on to explain that "[d]espite numerous instructions from this Court, counsel still refuses to comply with Orders of this Court and submit legal briefs that are supported by relevant legal authority, contain a discussion of the relevant legal standard, and apply this legal standard to the facts of this particular

case." Id. Just as in the previous cases, counsel has not set forth the standard for this Court to receive new evidence and has not shown how the new evidence satisfies such a standard. Accordingly, the District Court should deny Plaintiff's motion for failing to comply with the Court's prior Orders. Moreover, even if counsel was not subject to the requirements set forth in the Court's prior Order, the Court would still recommend that the District Court deny the motion because the burden is on Plaintiff to demonstrate that the evidence submitted to this Court satisfies the requirements for remand, and Plaintiff has not even attempted to demonstrate that the new evidence satisfies each of the requirements.

Finally, Plaintiff also requests that this Court stay this action pending resolution of a new application for disability benefits by the North Carolina Disability Determination Service. Plaintiff, however, has provided the Court with no legal authority supporting his requests, and this Court will not stay the proceedings pending a ruling from the North Carolina Disability Determination Service. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Remand, Motion to Receive New and Material Evidence, Motion to Stay [# 9].

    **B.**    **The Motions for Summary Judgment**

        1.    <u>Plaintiff failed to comply with the prior Orders of this Court</u>

Plaintiff sets out a single assignment of error in his brief. Despite only

including one assignment of error, Plaintiff weaves various alleged errors into this one section. None of the alleged errors, however, are supported by anything more than a conclusory statement that the ALJ erred and are not supported legal analysis other than a brief description of some of the new evidence Plaintiff submitted to this Court.

For example, Plaintiff alleges that the ALJ erred by failing to give the proper weight to the opinions of the evaluating clinicians. Plaintiff, however, fails to articulate which opinions he contends the ALJ failed to give proper weight or what those opinions stated. In fact, Plaintiff offers no further discussion as to how the ALJ erred other than making the vague, conclusory statement that the ALJ failed to assign the proper weight to unspecified clinical opinions. Moreover, Plaintiff failed to provide the Court with any legal analysis or any citations to relevant legal authority supporting his claim that the ALJ erred in considering the medical opinion testimony in the record before her at the time.

Similarly, Plaintiff contends that the ALJ erred by not finding that his back, neck, right arm, left arm and leg pain are severe impairments. The ALJ concluded that Plaintiff had no physical impairments. (T. 71.) In reaching this conclusion the ALJ agreed with the physical assessments of the State agency physicians. (T. 71.) Specifically, the AJ found that "[t]he record supports the conclusion that the

claimant can perform work at all exertional levels. In this regard, neither the claimant nor his representative contended at the hearing that the claimant has a limiting physical problem." (Id.) Plaintiff does not discuss any evidence in the record before the ALJ supporting his contention that these ailments are severe impairments, does not discuss how these alleged impairments impacted his ability to work, does not address the findings of the state agency physicians, and does not provide the Court with any relevant legal authority supporting such a claim.

The only two cases cited by Plaintiff in the discussion portion of his brief are Thomas v. Comm'r Soc. Sec., 24 Fed. App'x 158 (4th Cir. 2001) and Money v. Astrue, No. 1:08-cv-895, 2011 WL 3841972 (M.D.N.C. Aug. 26, 2011). In Thomas, the Fourth Circuit reversed and remanded a case because the Court could not determine from the record whether the Appeals Council recognized that the additional medical opinion submitted to it was the opinion of claimant's treating physician and, thus, entitled to the treating physician rule. Similarly, Money, addressed whether remand was required in order for the ALJ to consider new evidence that was submitted to the Appeals Council. In addition, the Court in Money found that the ALJ failed to adequately explain the combined effects of the claimant's impairments. 2011 WL 3841972 at *7-9. Plaintiff fails to offer any legal analysis explaining how these two cases supports his position that the ALJ

erred.

As this Court has previously noted, the individual drafting briefs for counsel in this case and attorney Stan Clontz have routinely included a citation to Thomas and Money, despite the fact that the cases are not pertinent to the issues raised. See Stines v. Colvin, Civil No. 1:12-CV-00121-MR-DLH, 2013 WL 4442032 (W.D.N.C. Aug. 16, 2013) (Reidinger, J.) (accepting Memorandum and Recommendation); Powell v. Colvin, Civil No. 1:12-cv-00368-MR-DLJ, 2013 WL 4442035 (W.D.N.C. Aug. 16, 2013) (Reidinger, J.) (accepting Memorandum and Recommendation). In fact, counsel repeatedly cites the same one or two cases, irrespective of the relevance of the case to the legal issue presented, without offering any discussion as to how the cases are applicable to plaintiff's alleged error. See e.g. Hardy v. Astrue, Civil No. 1:11cv299, 2013 WL 566020, at *4 n.2 (W.D.N.C. Feb. 13, 2013) (Reidinger, J.). Presumably, counsel has included these case citations as a half-hearted effort to comply with the Court's prior mandates.

As the Court previously warned counsel for Plaintiff:

> The ongoing efforts of this Court to require counsel for Plaintiff to perform his role as a member of the bar in a professional manner in social security cases is well documented. The Court first warned counsel for Plaintiff that he must separately set forth each alleged error and provide supporting legal authority for each alleged error in his briefs in early 2012. *See e.g. Pyles v. Astrue*, No. 1:11cv116, slip op. at 6–7, n. 2 (W.D.N.C. Mar. 19, 2012.). Despite the fact that this Court has stricken numerous briefs from the record, disregarded

> various arguments made by counsel in other social security cases for failing to comply with Court Orders, warned counsel in countless Orders, and even sanctioned counsel with monetary sanctions, counsel still refuses to comply with the Court's Orders and continues to waste the time of this Court and the Commissioner by simply throwing briefs together with no attention paid to the Court's prior instructions, the actual legal arguments presented, or the relevant case law. Instead of separately setting forth each alleged error, counsel has set forth two subsections in his brief that contain numerous alleged errors. Accordingly, the Court has disregarded all but two of the arguments submitted by Plaintiff: that the ALJ failed to properly evaluate the medical opinion of Dr. Deborah Barnett and that the ALJ failed to properly evaluate Plaintiff's credibility. To the extent that Plaintiff has attempted to weave various other arguments into these two alleged errors, the Court deems such arguments waived for failure to comply with the Court's numerous prior Orders.

Hardy v. Astrue, No. 1:11cv299, 2013 WL 66082, at *4 (W.D. N.C. Jan. 4, 2013) (Howell, Mag. J.); See also Adams v. Astrue, No. 1:11cv336, 2013 WL 609859, at *4 (W.D.N.C. Jan. 28, 2013) (Howell, Mag. J) ("This Court has repeatedly warned counsel in case after case after case about the perils of making conclusory arguments unsupported by any actual legal analysis. Despite these warnings and numerous orders from this Court directing counsel that it will strike or disregard any such arguments, counsel has continued to make the same unsupported legal argument over and over again in social security cases.). The Court has given attorney Clontz similar warnings. See Pascoe v. Astrue, No. 1:11cv226, 2012 WL 3528054, at *3 n.2 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.); Chandler v. Astrue, No. 1:11cv229, 2012 WL 5336216, at *3 (W.D.N.C. Oct. 2, 2012)

(Howell, Mag. J.). These warning, however, has had little impact on the conduct of counsel as both attorneys continue to submit nearly identical briefs drafted by the same individual with little attempt to comply with the prior Orders of this Court and submit a proper legal brief. Stines v. Colvin, No. 1:12cv121, slip op. at 5-6 (W.D.N.C. Jul. 25, 2013) (Howell, Mag. J.). Moreover, counsel took no effort to correct its previously filed deficient briefs after the entry of the Court's Orders.

As the Court has previously stated, these filings disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court. Accordingly, the Court disregards Plaintiff's legal argument as counsel failed to comply with the Court's prior Orders, failed to provide the Court with citations to relevant legal authority, and failed to offer any legal analysis explaining how such authority supports Plaintiff's position that the ALJ erred. See Pyles, No. 1:11cv116, slip op. at 6–7, n. 2; Hardy, 2013 WL 66082, at *4. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's motion [# 14] and **AFFIRM** the decision of the Commissioner.

> 2. The ALJ did not err in determining Plaintiff's severe impairments

Even assuming that the assignment of error raised by Plaintiff was properly before the Court, the Court would still recommend that the Court affirm the

Commissioner's decision. The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis in original).

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder and manic depressive disorder. (T. 66.) The ALJ, however, agreed with the State agency physical assessments and determined that Plaintiff had no physical impairments. (T. 66, 71.) Upon a review of the evidence in the record before the ALJ, the medical evidence does not demonstrate than Plaintiff had any physical impairment at the time that would interfere with his ability to work. In fact, there was virtually no medical evidence supporting any physical impairments – whether severe or not – before the ALJ. Accordingly, the ALJ did not err by finding that Plaintiff had no severe physical impairments.[2]

---

[2] Plaintiff's remaining two arguments are not that the ALJ erred in considering the evidence before her but, rather, that based on the new evidence submitted for the first time to this Court, that Plaintiff's mental impairments render him more impaired than what the ALJ concluded. Again, it is not for this Court to weigh this evidence for the first time, and Plaintiff has failed to satisfy his burden of demonstrating that the new evidence warrants remand. Accordingly, Plaintiff's remaining assignments of error are without merit.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 12], **DENY** the Plaintiff's Motion for Summary Judgment [# 10] and Plaintiff's Motion to Remand, Motion to Receive New and Material Evidence, Motion to Stay [# 8], and **AFFIRM** the Commissioner's decision.

Signed: September 17, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).